**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**KEVIN A. BATTLE,**

**Petitioner,**

**v.**                                              **CRIMINAL ACTION NO. 4:18-cr-14**

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Kevin A. Battle's ("Petitioner") *pro se* motion pursuant to 28 U.S.C. § 2255. ECF No. 31. On June 14, 2021, the Government responded in opposition and, on July 12, 2021, Petitioner replied. ECF Nos. 34, 35. The matter is now ripe for judicial determination. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED.**

## I.   FACTUAL AND PROCEDURAL HISTORY

On February 14, 2018, Petitioner was named in a three-count Indictment returned by a grand jury charging him with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One); Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); and Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). ECF No. 3. On June 4, 2018, Petitioner plead guilty to Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One) and Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). ECF Nos. 16, 17. On October 23, 2018, Petitioner was sentenced to

1

Sixty (60) Months imprisonment on Count One and Sixty (60) Months imprisonment on Count Three, to be served Consecutive to Count 1, followed by five (5) years of supervised release. ECF Nos. 26, 27.

Notably, Petitioner never appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Petitioner is currently incarcerated at Mendota FCI and scheduled for release on October 12, 2026.

## II.   LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a

miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### III.   DISCUSSION

The Court finds that Petitioner's motion is untimely and that it is not saved by equitable tolling. *See Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (holding that petitioner should have exhausted his alternative remedies in commitment action before availing himself of habeas review).

Pursuant 28 U.S.C.A. § 2255, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Furthermore, an appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus. Most critically, a petitioner has a 1-year period of limitation to file a petition for collateral relief. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014).

The limitations period is measured from the latest of:

3

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28, U.S.C. § 2255(f)(1-4). Here, Petitioner was sentenced on October 23, 2018 and his judgment was entered on October 24, 2018. ECF Nos. 26, 27. Accordingly, Petitioner had 14 days after entry of the judgment to file a direct appeal, but he did not appeal his sentence to the Fourth Circuit. Thus, based on the record, Petitioner's sentence became final on November 7, 2018, and he had until November 7, 2019 to file a timely motion pursuant to 28 U.S.C. § 2255. However, Petitioner filed the instant motion on April 27, 2021. Moreover, Petitioner has not claimed the benefit of any subsequently decided Supreme Court case that established a new right, nor has he alleged that the government created an impediment blocking his action. *See* ECF No. 31. Notably, Petitioner argues that under "Rule 52(b), a plain error [claim] can be brought up and corrected at any time." *Id.* at 10-11.

The Court may excuse Petitioner's procedural default if it finds that Petitioner is innocent. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (holding that a plea of actual innocence can overcome the one-year statute of limitations for filing collateral review); *see also, Schlup v. Delo*, 513 U.S. 298, 326 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"); *Walker v. Clarke*, No. 2:14-CV-449, 2015 WL 4608089, at *4 (E.D. Va. July 30, 2015). However, in this case, Petitioner has not argued that he is innocent. *See* ECF No. 31.

Finally, the Court may equitably toll the statute of limitations if it finds that Petitioner has

established (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), cert. denied, 124 S.Ct.1605 (2004)). "The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotes omitted). Here, however, Petitioner's sole ground for bringing his untimely motion is because he "just became aware of the law." ECF No. 31 at 10-11. Therefore, Petitioner has not argued or shown that there are any such extraordinary circumstances to equitably toll the untimeliness of his motion.

### IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DISMISSED** without prejudice.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017).  Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent.  As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
August  // , 2021

UNITED STATES DISTRICT JUDGE

6